NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELISA AHUMADA, | No. 24-4537 |
| Plaintiff - Appellant, | D.C. No. 6:23-cv-00727-YY |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Submitted September 19, 2025[**]
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.[***]

Plaintiff Elisa Ahumada appeals the denial of her application for social

security disability benefits. "We review the district court's order affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023).

1. An "ALJ may reject the claimant's testimony about the severity of [her claimed] symptoms only by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). This does not mean he must "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). He must simply "show his work" and provide a "rationale [that] is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ provided clear and convincing reasons for rejecting Ahumada's subjective symptom testimony. Multiple physical examinations from the relevant period reflected symptoms considerably less severe than Ahumada described. While Ahumada claimed multiple autoimmune-related symptoms, medical records from the relevant period showed periods of no active inflammation. She was rarely observed to show signs of significant dysfunction in the use of her hands. Medical imaging of her spine showed only mild degeneration and stenosis. Crucially, she was rarely observed to have trouble walking, was not observed to have significant or persistent muscle weakness or atrophy, and rarely exhibited pain behavior. And

the ALJ provided clear reasons for finding each of Ahumada's other limitations nonsevere.

The ALJ also noted that Ahumada's symptoms were successfully treated through a largely routine course of autoimmune and pain medications. The ALJ properly concluded that this suggested her symptoms during the relevant time-period were not as limiting as alleged. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (finding that the ALJ properly discredited testimony of disabling pain that was "treated with an over-the-counter pain medication"); *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (medical conditions "that can be controlled effectively with medication are not disabling").

Because the ALJ provided and relied on relevant evidence in the record, we "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

2. Ahumada also contends that the ALJ erred in finding that her impairments failed to meet Listing 14.09.D for inflammatory arthritis. *See* 20 C.F.R., Part 404, Subpt. P, App. 1 § 14.09.D. The plaintiff bears the burden to "present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). Here, the plaintiff must show "[r]epeated manifestations of inflammatory arthritis, with *at least two* constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary

3                                                                                    24-4537

weight loss)" *and* limitation of one of (1) activities of daily living, (2) maintaining social functioning, or (3) completing tasks in a timely manner "due to deficiencies in concentration, persistence, and pace" at the *marked* level.  20 C.F.R., Part 404, Subpt. P, App. 1 § 14.09.D. (emphasis added).  The "medical criteria defining the listed impairments" are *intentionally* set "at a higher level of severity than the statutory standard," and they are "designed to operate as a presumption of disability that makes further inquiry unnecessary." *Sullivan*, 493 U.S. at 532.

Ahumada fails to meet her burden of showing her impairments meet or equal the listing for inflammatory arthritis.  Ahumada alleges only one concrete symptom—fatigue.  Neither Ahumada's brief nor her record testimony mention any other constitutional symptoms.  So Ahumada's impairments do not meet the requirements under Listing 14.09.D.  Nor do they equal them.  Ahumada's "generalized assertion of functional problems is not enough to establish disability at step three." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).  Moreover, the ALJ "thoroughly discussed the medical evidence in the record and properly considered all of [Ahumada's] allegations of impairments," and referenced these findings in his discussion at Step 3.  *Tackett*, 180 F.3d at 1100.  Ahumada's assertions cannot overcome the lack of evidence for her condition—in the record, in her brief, and at her hearing.

24-4537

3.  Finally, Ahumada argues that the record "supports payment" and the court should "order payment."  But because the ALJ's decision is supported by substantial evidence, we need not reach this issue.

**AFFIRMED**.